WILLIAM H. ELDER

VS

WILLIAM S. FLYNT AND WIFE

NO. 8862

COURT OF APPEAL FOR THE

PARISH OF ORLEANS

: : :

- - -

WILLIAM A. BELL, JUDGE

- - -

MARCH 5, 1923.

Court of Appeal
Parish of Orleans
3/5/23.

By WILLIAM A. BELL, Judge.

Plaintiff sues the defendants, who, as man and wife, are shown to have sold, in 1920, to plaintiff, through the usual homestead sale and re-sale, certain real estate described in the petition and which, at the time of the sale, appears to have been encumbered with a paving lien. The lien in question was duly recorded in the Mortgage Office in December, 1916, at which time the defendants were the then owners of said real estate, they having acquired same from one Dennery in September, 1915. Plaintiff prays for judgment in the sum of $190.27 against defendants, jointly and in solido, upon the allegations that he has already been compelled to pay portions of the aforesaid lien and will ultimately have to satisfy the entire unpaid balance of said lien, the existence of which he was wholly ignorant at the time of his purchase from defendants. It is further alleged that plaintiff knew nothing of the unpaid paving lien until January, 1921, when he attempted to pay the City Taxes for 1920 on the said property. From tax receipts offered in evidence it appears that plaintiff has paid the annual installments due on said paving lien for the years 1920 and 1921, amounting to $63.82, and leaving a balance of $126.45 still unpaid. It also appears from the record that the usual clauses of warranty and subrogation form part of the deeds by which defendants conveyed and under which plaintiff's rights, if any, have arisen. The mortgage certificate in the name of the defendants herein and annexed to their deed of conveyance, declare, and are warranted by the act, to show no encumbrances on said property in their names.

Defendants have answered this suit with the special averment that they sold the property to the plaintiff with the understanding he would continue to make the annual payments on account of said paving lien along with the payment of the taxes, as they,

defendants, have done prior to making the sale of said property to plaintiff, or, in other words, that the plaintiff assumed the paving bill and relieved defendants of any liability because of it. In support of this defense, testimony of both defendants herein was offered and was admitted by the trial court over plaintiff's strenuous objection.

We are of the opinion that such evidence should have been excluded, no issues of fraud nor error having arisen in this case. (Article 2276 R.C.C.). It is not necessary to cite the innumerable authorities in support of this academic rule of evidence. The warranty contained in defendants' deed of conveyance and the clauses of subrogation available to plaintiff through both deeds by which he acquired, fully support a right and cause of action in favor of plaintiff whereby he can invoke the law in protection from any ~~failure~~ breach of warranty arising from the transaction here involved. There is a record admission in defendants' answer that they knew of the existence of this lien long prior to the sale, and hence, under the law, they were warrantors against such charges unless same were declared, at the time of the sale, in such positive and unambiguous terms as to preclude all doubt concerning the purchaser's election to assume the same. We find no merit in the argument of counsel for defendants that the testimony erroneously admitted was not in contradiction of the declarations contained in the act or in the mortgage certificate, but was simply supplemental thereto.

The plea of estoppel herein urged and which is based upon the fact of plaintiff's subsequent payment of two installments due on the paving bill, after plaintiff's acquisition, is not well founded, because such acts of payment are not alleged nor shown to have in any manner operated to defendants' prejudice; nor can it be concluded from the facts of this case that the plaintiff in any manner intended, in making such payments, to thereby release defendants under their warranty to him. It may also be noted that there is no

prescription pleaded or which could have been plead at the time of the institution of this action.

For these reasons, we are of the opinion that the defendants must respond under their warranty to plaintiff to the extent only that plaintiff at the time of this suit had suffered because of his having paid the accrued installments on the said paving lien. There is no other basis upon which a moneyed judgment can be predicated, non constat that the installments yet to accrue may, for some unforseen reason, be cancelled, *remedied remitted* or annulled and the property now burdened therewith be ultimately relieved of said encumbrance, at least to the extent of the balance yet to accrue. Plaintiff should, therefore, be reserved the right to bring such action in the future against these defendants as may be necessary to protect him in the event of his having to pay any future installments arising under the lien.

IT IS, THEREFORE, ORDERED that the judgment herein appealed from be and the same is hereby reversed, and IT IS NOW ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff and against defendants, jointly and in solide, in the full sum of SIXTY THREE and 92/100 DOLLARS ($63.92), with interest on $32.51 thereof at the rate of five per cent. per annum from January 14, 1921, and for like interest on $31.41 from January 19, 1922.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's rights be and the same are hereby reserved to him to recover by due process of law against defendants herein any future installments of the paving lien which he may hereafter discharge and which is now recorded in the Mortgage Office for the Parish of Orleans, in P.B. 21, pages 119 and 120, under date of December 26, 1916, and bearing on the following described property, to-wit:

"A certain lot of ground, situated in the 6th District of this City, designated by the letter 'A,' of Square No. 364, bounded by Prytania, Pitt, Valance and Bordeaux Streets, and measuring 45 feet front on Prytania Street by a depth of 100 feet between parallel lines."

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of this suit in both courts be borne by defendants herein.

JUDGMENT REVERSED.                          MARCH 5, 1923.